

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL PICHARDO, on behalf of himself and others similarly situated, | ) ) ) No. ) |
| Plaintiff, | ) ) |
| -against- | ) COMPLAINT ) |
| CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART ) RESTAURANT GROUP, | ) ) ) ) |
| Defendants. | ) Plaintiff Demands a Trial ) by Jury ) |

Plaintiff RAUL PICHARDO ("Mr. Pichardo" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys Levine & Blit, PLLC, complaining of defendants CARMINE'S BROADWAY FEAST INC. ("Carmine's") and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP ("Alicart, Inc.") (hereinafter, Carmine's and Alicart, Inc. shall be collectively referred to as "Defendants"), hereby alleges:

## NATURE OF THE ACTION

1. This collective action and class action is brought to remedy unpaid minimum wages and unpaid overtime wages in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and the New York Labor Law ("Labor Law").

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost minimum wages and overtime wages; an award of liquidated damages under the

FLSA and Labor Law; Plaintiff's reasonable attorney's fees; prejudgment interest on the total amount of unpaid wages pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

5. Mr. Pichardo is a resident of the State of New Jersey who began working for Defendants as an employee in or about 1993.

6. Carmine's is a domestic business corporation, duly organized and existing in the State of New York, with its principal place of business located at 2450 Broadway, New York, New York.

7. Alicart, Inc. is a domestic business corporation, duly organized and existing in the State of New York, with its principal place of business located at 1501 Broadway, Suite 515, New York, New York.

8. Upon information and belief, Alicart, Inc. is the parent corporation for Carmine's and other affiliated restaurants.

9. Defendants are engaged in the restaurant business.

10. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

11. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

12. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

13. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

## COLLECTIVE ACTION ALLEGATIONS

14. At all times within the applicable statute of limitations, Defendants have employed hundreds, if not thousands, of employees, including Plaintiff, in the position of server, who worked in excess of forty (40) hours per work week; yet, were denied some minimum wages and were denied any overtime wages.

15. Upon information and belief, Defendants have employed numerous servers since April 28, 2012 who have been subjected to the same terms and conditions of employment as Plaintiff.

16. Defendants used the employment practice of paying employees for less time than actually worked for hours forty (40) or under, required employees to clock out and continue working, and denied overtime wages to employees.

17. The unlawful employment practices at issue with the respect to the similarly situated servers and the named plaintiff in this action are identical, as Defendants, in all cases, have willfully denied such employees the overtime wages that they are owed.

18. Past and current servers employed by Defendants who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

19. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Mr. Pichardo brings this action individually and on behalf of the following class of persons ("the Class"): All persons who have been employed by Defendants as servers in the State of New York since April 28, 2009.

21. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief,

Defendants have employed hundreds, if not thousands, of individuals in the position of server during the applicable statute of limitations.

22. Questions of law and fact common to the Class include, but are not limited to, the following:

      (a)  Whether the named plaintiff and persons belonging to the Class did not receive the overtime premium for hours worked in excess of forty (40) in a work week;

      (b)  Whether the named plaintiff and persons belonging to the Class did not receive the full amount of minimum wages for hours worked in a work week;

      (c)  Whether the named plaintiff and persons belonging to the Class were required to work off-the-clock;

      (d)  Whether Defendants' denial of overtime wages to the named plaintiff and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable law; and

      (e)  Whether the named plaintiff and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

23. The claims made by the named plaintiff are typical of the claims of the Class because the named plaintiff and the Class incurred the same type of damages; namely, lost wages, as a direct result of the same practices and policies implemented by Defendants.

24. The named plaintiff will fairly and adequately protect the interests of the Class because the interests of the named plaintiff are aligned with those of the Class and the named plaintiff has no conflicts of interest with the Class. Likewise, the named plaintiff is represented by qualified and experienced counsel.

25. By engaging in such unlawful employment practices as failing or refusing to pay overtime wages, Defendants have acted or refused to act on grounds generally applicable to the Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

26. The questions of law and fact common to the Class, including, but not limited to, those identified in paragraph 22, predominate over questions affecting only the named plaintiff and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

27. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

28. At all times relevant to this Complaint and prior to April 28, 2009, Mr. Pichardo was employed by Defendants as a server at their restaurant located at 2450 Broadway, New York, New York.

29. From April 28, 2009 until approximately November 2014, Mr. Pichardo worked approximately sixty (60) hours per work week at Defendants' restaurant located at 2450 Broadway, New York, New York.

30. Mr. Pichardo was required to work through his breaks and was required to clock-out and continue working on a daily basis.

31. Although Mr. Pichardo worked in excess of forty (40) hours per work week, his pay checks consistently compensated him for less than forty (40) hours of work at New York's minimum wage rate.

32. Although Mr. Pichardo worked approximately sixty (60) hours per work week, his pay checks consistently did not compensate him for any overtime pay.

33. Upon information and belief, Defendants did not maintain accurate time records for its servers, including Plaintiff, who are non-exempt employees, in violation of the FLSA and Labor Law.

34. Defendants were aware that its pay practices were in violation of the FLSA and Labor Law, but continued to willfully engage in unlawful pay practices.

35. Mr. Pichardo has suffered lost minimum wages and overtime wages as a direct result of Defendants' unlawful practices.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE**
**COLLECTIVE ACTION**
**(Unpaid Minimum Wages in Violation of the FLSA)**

36. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 35, as if fully set forth herein.

37. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

38. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA; however, Defendants willfully paid Plaintiff and all other similarly situated employees for less hours than actually worked at the minimum wage rate for hours worked less than or equal to forty (40).

39. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to him.  As such, Defendants' noncompliance with the FLSA was willful.

40. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION**
**(Unpaid Overtime Wages in Violation of the FLSA)**

41. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 40, as if fully set forth herein.

42. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

43. Plaintiff and all other similarly situated employees are and were non-exempt employees under the FLSA.

44. Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but were denied overtime wages.

45. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to him.  As such, Defendants' noncompliance with the FLSA was willful.

46. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Unpaid Minimum Wages in Violation of the Labor Law)**

47. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 46, as if fully set forth herein.

48. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

49. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

50. Despite their status as a non-exempt employee, Defendants willfully paid Plaintiff and the Class for less hours than actually worked at the minimum wage rate for hours worked less than or equal to forty (40).

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

52. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION**
**(Unpaid Overtime Wages in Violation of the Labor Law)**

53. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 52, as if fully set forth herein.

54. Defendants were the employer of Plaintiff and the Class within the meaning of the Labor Law.

55. Plaintiff and the Class are and were non-exempt employees under the Labor Law.

56. Plaintiff and the Class worked in excess of forty (40) hours per week for Defendants on a weekly basis as described above, but was denied overtime wages.

57. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the Labor Law was willful.

58. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants has violated the provisions of the FLSA and Labor Law relating to payment of minimum wages and overtime wages;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

c) An order awarding monetary damages for Plaintiff's and the Collective and/or Class's economic losses in the form of unpaid minimum wages and overtime wages;

d) An order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA and the Labor Law in an amount equal to the total amount of unpaid minimum wages and overtime wages;

e) An award of prejudgment interest on the unpaid minimum wages and unpaid overtime wages owed to Plaintiff and the Collective and/or Class pursuant to the Labor Law;

f) An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

g) An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

h) Any such other and further relief this Court deems just and equitable.


### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


Dated: April 28, 2015
New York, New York

LEVINE & BLIT, PLLC

Matthew J. Blit (MJB4145)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
mblit@levineblit.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAUL PICHARDO,                                   No.

          Plaintiff,

    -against-

CARMINE'S BROADWAY FEAST INC.
and ALICART, INC. d/b/a THE ALICART
RESTAURANT GROUP,

        Defendants.

---
---

## COMPLAINT

---

LEVINE & BLIT, PLLC
*Attorneys for Plaintiff*
350 Fifth Avenue, 36th Floor
New York, New York 10118
Phone: (212) 967-3000
Fax:    (212) 967-3010

---