UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL PICHARDO, MELVIN AMADIZ, JOSE ARCENIO PEREZ, and LUIS RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>-against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>       Defendants. | No. 15-cv-3312 (RA)(SN) |
| VALMIR SOUZA, on behalf of himself and others similarly situated,<br><br>       Plaintiff,<br><br>-against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>       Defendants. | No. 15-cv-4046 (RA)(SN) |

| | |
|---|---|
| MANUEL GUZMAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>Defendants. | No. 15-cv-4049 (RA)(SN) |

## STIPULATION AND (PROPOSED) ORDER

**WHEREAS,** Plaintiffs RAUL PICHARDO, MELVIN AMADIZ, JOSE ARCENIO PEREZ, LUIS RODRIGUEZ, VALMIR SOUZA, and MANUEL GUZMAN (collectively "Plaintiffs") filed Complaints against Defendants CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP ("Defendants") in the above-captioned actions in which they have alleged violations of the Fair Labor Standards Act ("FLSA");

**WHEREAS,** Plaintiffs filed their Complaints as putative collective actions and have stated their intention to seek conditional certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b);

**WHEREAS,** Defendants, without waiving any of their rights, are willing to consent that notice be sent to the putative collective in order to notify such individuals about the pendency of the above-captioned actions;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs and Defendants and their respective attorneys as follows:

2

1. Plaintiffs and Defendants stipulate and consent to the conditional certification of an FLSA collective action consisting of:

> All persons who worked or have worked as servers, bussers, barbacks, bartenders at the restaurant known as "Carmine's" located at 2450 Broadway, New York, New York at any time between August 4, 2012 and the present (the "Collective").

2. Defendants reserve all rights, including, but not limited to, their right to subsequently seek decertification of the conditionally certified FLSA collective action in its entirety, their right to seek to restrict or limit the scope and breadth of membership in such conditionally certified FLSA collective action for any reason, and their right to assert that a two (2) year statute of limitations should apply to the FLSA collective action rather than a three (3) year statute of limitations, pursuant to 29 U.S.C. § 255.

3. Plaintiffs and Defendants have negotiated a 29 U.S.C. § 216(b) notice ("Notice") and consent to join form ("Consent") to be sent to the Collective, which are attached hereto as Exhibit A.

4. Within fifteen (15) days of the Court's approval of the Notice and Consent, Defendants shall provide Plaintiffs' counsel with a list containing the following information: the full names and addresses of all individuals who work or worked as servers, bussers, barbacks, or bartenders at the restaurant known as "Carmine's" located at 2450 Broadway, New York, New York at any time between August 4, 2012 and the present (the "List").

5. Within fifteen (15) days of Plaintiffs' counsel's receipt of the List from Defendants, Plaintiffs' counsel shall cause copies of the agreed upon Notice and Consent to be sent by first class mail (if residence address known) to the individuals set forth on

3

the List.

6. Potential opt-in plaintiffs wishing to join in the conditionally certified FLSA collective action have sixty (60) days from the initial mailing date of the Notice and Consent in which to do so (the "Opt-In Period"). Consent forms must be received by Plaintiffs' counsel prior to the expiration of this 60-day Opt-In Period in order to be deemed timely.

7. The Parties acknowledge that the exchange of limited information contemplated by this Stipulation will have no effect on the scope of discovery after the stay.

8. Plaintiffs' Counsel will provide Defendants' Counsel with copies of the executed consent forms and exclusion request forms on a regular, rolling basis as they are received; and Plaintiffs' Counsel shall file the opt-in consent forms with the Court within ten (10) business days after receipt. Within a reasonable time after the opt-in and opt-out period closes, Defendants' Counsel will provide Plaintiffs' Counsel with agreed-upon and available pay and timekeeping information and records and other discoverable information requested by Plaintiffs' Counsel that may be in Defendants' possession.

9. Formal discovery shall be stayed until the end time period for individuals to opt into the lawsuit pursuant to 29 U.S.C. § 216(b) has expired at which point the parties will meet and confer and submit a proposed discovery plan a Joint Status Report to the Court concerning the status of the action, which shall be filed on or before January 26, 2016.

Respectfully submitted,

Dated: October __/__, 2015

LEVINE & BLIT, PLLC
Matthew J. Blit, Esq.
Justin S. Clark, Esq.
350 Fifth Avenue, Suite 3601
New York, NY 10118
Tel. (212) 967-3000
Fax (212) 967-3010
mblit@levineblit.com
jclark@levineblit.com

*Attorneys for Plaintiffs*

FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
Tel. (212) 878-7900
Fax (212) 692-0940
crichmond@foxrothschild.com
ggrindlinger@foxrothschild.com

*Attorneys for Defendants*