**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAUL PICHARDO, *et. al*., on behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>   -against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>       Defendants. | **ECF Case**<br><br>**No. 15-cv-03312** |
| VALMIR SOUZA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   -against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>       Defendants. | **ECF Case**<br><br>**No. 15-cv-04046** |
| MANUEL GUZMAN, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>   -against-<br><br>CARMINE'S BROADWAY FEAST INC. and ALICART, INC. d/b/a THE ALICART RESTAURANT GROUP,<br><br>       Defendants. | **ECF Case**<br><br>**No. 15-cv-04049** |

41031065

# DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE NETBURN'S REPORT, RECOMMENDATION & ORDER DATED JUNE 13, 2016

Carolyn D. Richmond, Esq.
Glenn S. Grindlinger, Esq.
Zev Singer, Esq.
FOX ROTHSCHILD LLP
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Attorneys for Defendants*

41031065

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   SPECIFIC OBJECTIONS ................................................................... 2

III.  LEGAL ARGUMENT ......................................................................... 2

A.    The Standard of Review for Objections Under FRCP 72(a) ................................. 2

B.    Plaintiffs' Burden When Seeking Class Certification ................................... 3

C.    The Report is Contrary to Law and Clearly Erroneous .................................... 3

1.    The Magistrate Judge's Findings are Clearly Erroneous in their
      Summary Rejection of Defendants' Declarations and their Uneven
      Evaluation of the Parties' Evidence, and Contrary to Law as the
      Magistrate Judge Failed to Properly Apply the 'Preponderance of the
      Evidence' Standard to the Record ................................................... 3

2.    The Finding that Joinder of the all the Class Members is
      Impracticable Due to the Employees' Alleged Fear of Retaliation is
      Based on Pure Speculation and Conjecture ......................................... 7

3.    The Report's Findings Regarding the Commonality and Typicality
      Requirements of FRCP 23(a) are Both Clearly Erroneous and
      Contrary to Law .................................................................. 9

4.    The Magistrate Judge's Finding that the Plaintiffs can Adequately
      Represent the Class, Despite their Individual State Court Lawsuits
      against the Defendants, is Contrary to Law ...................................... 14

5.    The Finding that the Class is not Overly Broad and Can be Clearly
      Ascertained is Contrary to Law .................................................. 16

6.    The Plaintiffs' Did Not Sustain Their Burden to Show That Their
      Claims Contain Common Questions that Predominate Over Questions
      Affecting Only Individual Class Members ......................................... 17

IV.   CONCLUSION ............................................................................ 18

41031065i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) ..............................................................................16

*Diaz v. Elect. Boutique of Am., Inc.*,
    No. 04-CV-0840E(SR), 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005)...............................12

*Freeland v. AT&T Corp.*,
    238 F.R.D. 130 (S.D.N.Y. 2006) .........................................................................12

*Gen. Tel. Co. v. Falcon*,
    457 U.S. 147 (1982) .........................................................................................10

*Gordon v. Kaleida Health*,
    299 F.R.D. 380 (W.D.N.Y. 2014) ......................................................................12

*Kurczi v. Eli Lilly & Co.*,
    160 F.R.D. 667 (N.D. Ohio 1995)......................................................................14

*Letouzel v. Eastman Kodak Co.*,
    No. 05-cv-6464T, 2006 WL 1455478 (W.D.N.Y. May 25, 2006) .........................12

*Levias v. Pacific Maritime Ass'n.*,
    No. 08-cv-1610, 2010 WL 358499 (W.D. Wash. Jan. 25, 2010) ..........................14

*Lizondro-Garcia v. Kefi, LLC*,
    300 F.R.D. 169 (S.D.N.Y. 2014) .......................................................................17

*Messner v. Northshore Univ. Healthsystem*,
    669 F.3d 802 (7th Cir. 2012) ............................................................................16

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d. Cir. 2010) ..............................................................................3

*Noble v. 93 Univ. Place Corp.*,
    224 F.R.D. 330, 338 (S.D.N.Y. 2004)................................................................13

*O'Donnell v. Robert Half Int'l, Inc.*,
    250 F.R.D. 77 (D. Mass. 2008).........................................................................12

*Poplawski v. Metroplex on the Atlantic, LLC*,
    11 Civ. 3765, 2012 WL 1107711, at *7 (E.D.N.Y. Apr. 2, 2012)........................13

*Proctor v. Allsups Convenience Stores, Inc.*,
　　250 F.R.D. 278 (N.D. Tex. 2008) ...................................................................................12

*Robidoux v. Celani*,
　　987 F.2d 931 (2d. Cir. 1993) .......................................................................................8, 9

*Romero v. H.B. Auto. Grp., Inc.*,
　　11 Civ. 386 (CM), 2012 WL 1514810, at \*19 (S.D.N.Y. May 1, 2012) .............................13

*Roth v. Jennings*,
　　489 F.3d 499 (2d Cir. 2007) .............................................................................................5

*Tribune Co. v. Purcigliotti*,
　　93-cv-7222, 1998 U.S. Dist. LEXIS 5155 (S.D.N.Y. Apr. 14 1998)...................................2, 3

*United States v. U.S. Gypsum Co.*,
　　333 U.S. 364 (1948) ..........................................................................................................2

*Wal-Mart Stores, Inc. v. Dukes*,
　　131 S.Ct. 2541 (2011) ............................................................................... 3, 5, 9, 11, 13

## Statutes

FLSA ...................................................................................................................... 7, 8, 12

NYLL ................................................................................................................... 1, 12, 16

## Other Authorities

Aggregate Proof, 84 N.Y.U.L. Rev. 97, 132 (2009)....................................................11

FRCP 12(b)(6) ..................................................................................................................4

FRCP 23 ...................................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure ("FRCP") 72(a), Defendants Carmine's Broadway Feast Inc. and Alicart, Inc. (collectively "Defendants") hereby submit their objections to Magistrate Judge Netburn's (the "Magistrate Judge") June 13, 2016 Report, Recommendation & Order (the "Report", Docket No. 51) which granted the plaintiffs' motion to certify their New York Labor Law ("NYLL") class claims pursuant to FRCP 23 ("Class Motion").  If sustained, the Report will dramatically and expand the scope of this litigation without first requiring the plaintiffs, Raul Pichardo, Melvin Amadiz, Luis Rodriguez, Jose Arcenio Perez, Manuel Guzman, and Valmir Souza (collectively, "Plaintiffs") to meet their burden of proof under FRCP 23.

Defendants respectfully submit that the Report is clearly erroneous in its findings, and is contrary to established law regarding the certification of class actions.  The Report is fundamentally in conflict with established law on class-action certification, which requires rigorous analysis and proof of all of the FRCP 23 requirements by a preponderance of the evidence.  The Report jumps to speculative conclusions regarding the evidence presented in support and opposition to motion for class certification, and summarily accepts Plaintiffs' affidavit evidence while arbitrarily rejecting and ignoring Defendants' evidence.  Moreover, the Report misapplies the law with regard to the adequacy and ascertainability requirements of FRCP 23.  Finally, the Report clearly errs and finds contrary to law in its determination that Plaintiffs' claims require generalized evidence, when in fact this case is the epitome of one where each plaintiff's claim would require individualized evidence to support any finding of liability against the Defendants.

Accordingly, this Court should set aside the Report's findings and recommendation of class certification under the NYLL, and for the reasons set forth herein and in Defendants'

410310651

opposition to the Class Motion (Docket No. 42), this Court should deny Plaintiffs' Motion for

Class Certification.

## II.    SPECIFIC OBJECTIONS

Defendants object to the following:

1.    The Magistrate Judge's erroneous summary rejection of the declarations submitted by the Defendants' and acceptance of the affidavits submitted by Plaintiff, and her failure to apply the rigorous analysis and preponderance of the evidence burden to Plaintiffs' motion for class certification;

2.    The Magistrate Judge's erroneous (and purely speculative) finding that joinder of all of the putative class members is impracticable due to their alleged fear of retaliation;

3.    The Report's findings regarding the commonality and typicality requirements of FRCP 23(a) as both clearly erroneous and contrary to law because the Plaintiffs' claims require individualized, and not generalized, proof;

4.    The Report's finding, contrary to law, that the Plaintiffs' can adequately represent the putative class;

5.    The Report's finding, contrary to law, that the class, as defined by the Plaintiffs, is not overly broad and can clearly be ascertained; and

6.    The Magistrate Judge's misapplication of the law regarding the demanding criteria of the requirement that Plaintiffs' claims contain common questions of law or fact that predominate over questions affecting only individual members.

## III.    LEGAL ARGUMENT

### A.    The Standard of Review for Objections Under FRCP 72(a)

Under FRCP 72(a), "a district court judge may modify or set aside any portion of a

magistrate judge's order on a non-dispositive matter only to the extent that the order is 'clearly

erroneous or contrary to law.'" *Tribune Co. v. Purcigliotti*, 93-cv-7222, 1998 U.S. Dist. LEXIS

5155, at *12-13 (S.D.N.Y. Apr. 14 1998) (quoting FRCP 72(a)).    A finding is "clearly

erroneous" when although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed." *United

States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).    An order is "contrary to law" when "it

fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tribune Co.*, 1998 U.S. Dist. LEXIS 5155, at *12-13 (citations omitted).

### B.    Plaintiffs' Burden When Seeking Class Certification

To sustain his/her burden on class-action certification, a plaintiff must "affirmatively demonstrate" that the proposed class "in fact" meets all of the requirements of FRCP 23(a) and one of the requirements of FRCP 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). This inquiry requires a "rigorous analysis." *Id.* In fact, "[t]he party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d. Cir. 2010).

In the Report, the Magistrate Judge accurately recited the standard on Plaintiffs' burden in seeking class certification, however, as will be discussed herein, the Magistrate Judge incorrectly applied (in fact, simply did *not* apply) the "preponderance of the evidence" burden of proof to the record in this case.

### C.    The Report is Contrary to Law and Clearly Erroneous

> **1.    The Magistrate Judge's Findings are Clearly Erroneous in their Summary Rejection of Defendants' Declarations and their Uneven Evaluation of the Parties' Evidence, and Contrary to Law as the Magistrate Judge Failed to Properly Apply the 'Preponderance of the Evidence' Standard to the Record**

Throughout the Report, the Magistrate Judge duly considered and accepted the five affidavits submitted by the named Plaintiffs. At the same time, she summarily rejected the credibility of the eight declarations submitted by the Defendants without articulating any legitimate basis for doing so. In fact, many of the Magistrate Judge's findings in her recommendation that Plaintiff's Class Motion should be granted relied heavily on this acceptance of Plaintiffs' affidavits and the ignoring or rejection of Defendants' declarations. This baseless rejection of Defendants' declarations, and the failure to weigh evidence on both sides, is clearly

erroneous and also contrary to the law on class-action certification motions that requires a "rigorous analysis" and a plaintiff to sustain a burden of proof of "preponderance of the evidence" on each element of FRCP 23.

From the very beginning of the Report, and throughout its entirety, the Magistrate Judge credited Plaintiff's affidavits and rejected and disregarded Defendants' declarations without basis. For example:

- The Magistrate Judge based the entire "factual background" in the Report on "plaintiffs' complaints, amended complaint, and affidavits submitted in support of this motion." *See* Report, p. 2.

- The Report noted that of the declarations submitted by Defendants, "[e]ach declaration was identical…" *See* Report, p. 3. The Magistrate Judge did not comment at all in the Report on the fact that the affidavits submitted by Plaintiffs were *also identical*, other than the specifics of hours worked and dates employed.

- In numerous places in the Report, the Magistrate Judge questioned the veracity of Defendants' declarations and drew speculative conclusions solely because one of the declarants, Zachariah Williams, crossed out a portion of his declaration. *See* Report, pp. 4, 9, 17.

- The Magistrate Judge consistently accepted as true Plaintiffs' allegation in their affidavits that Defendants possessed a common policy of unlawful pay practice. *See* Report, pp. 14, 15, 17, 24. The Report did not mention even a consideration of Defendants' declarations that the restaurant paid its employees properly and did not have such a policy.

- The Report noted that the eight employee declarations submitted by the Defendants were "insufficient to defeat certification," while wholly accepting the five affidavits Plaintiffs' submitted, without question (discussed more fully in Section C(5), *infra*). *See* Report, p. 22.

With regard to the Report's "factual background" section, the Magistrate Judge analyzed Plaintiffs' Class Motion using the standard of a motion to dismiss under FRCP 12(b)(6), that is, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Roth v. Jennings*, 489 F.3d 499, 501 (2d Cir. 2007). This is contrary to law, as the standard for a class certification motion requires a "rigorous analysis" and

requires a plaintiff to prove the requirement of FRCP 23 by a "preponderance of the evidence." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Instead, the Magistrate wrongly accepted the Plaintiffs' allegations to be true and construed them in a light most favorable to Plaintiffs for purposes of the Class Motion, and disposed of Defendants' evidence without regard for its credibility and weight.

In the same vein, the Magistrate Judge attributed significance to the fact that the declarations submitted by the Defendants were identical (other than the filled in hours worked and dates of employment), but she completely ignored the fact that *Plaintiffs' five affidavits were identical to one another as well.* Indeed, each of Plaintiffs' affidavits are word-for-word the same other than the dates and hours worked. *See* Docket Nos. 23-27. The fact that declarations or affidavits are similarly worded should have no bearing on their credibility, but the double standard with which the Defendants' declarations were analyzed by the Magistrate Judge is stark and clearly erroneous.

Another striking error made by the Magistrate Judge was her ill-founded assumptions that because one of the declarants in a declaration submitted by Defendants, Zachariah Williams, crossed out two portions of his declaration, he must have not been paid overtime, be afraid of retaliation by the Defendants, and/or "ostensibly" disagree with the veracity of the statements in his declaration. *See* Report, pp. 9 and 17. The two portions Mr. Williams crossed out from his declaration were both related to payment for overtime work (*see* Exhibit 12, attached to the Declaration of Glenn S. Grindlinger in Opposition to Plaintiff's Class Motion, Docket No. 44), and the Magistrate Judge jumped to the conclusion that his crossing out those portions was an indication that Mr. Williams was not actually paid overtime or of some other inconsistency in Defendants' position. In fact, an equally plausible explanation for Mr. Williams crossing out

those portions is the fact that, from the very face of his declaration, he typically *only worked 4 days a week and 20-30 hours a week. Id.* Obviously, an employee who did not work more than 40 hours a week would not be due overtime, thus it would be appropriate and completely legitimate for Mr. Williams to cross out the sections of the declaration that did not apply to him. The Magistrate Judge failed to consider this possibly (or even *any* possibility, for that matter, other than to the detriment of the Defendants), and instead attributed Mr. Williams' cross-outs to his alleged disagreement with the content of the declarations. This clearly erroneous assumption by the Magistrate Judge heavily informed her decision in the Report on both the numerosity and the typicality requirements of FRCP 23. *See* Report, pp. 9 and 17, respectively.

Further, even if Mr. Williams' declaration is deemed tainted in some manner because of cross-outs (which it should not be), that does nothing to discredit the other seven declarations submitted by the Defendants. As discussed herein, the Magistrate Judge relied solely on Plaintiffs' affidavits in making her determination, and gave only minimal lip service to the Defendants' seven other declarations that were submitted. This failure by the Magistrate Judge to fairly analyze both sides' evidence is a far cry from the Supreme Court's well held requirement that a "rigorous analysis" be done to determine whether a plaintiff has sustained his burden of showing by a preponderance of the evidence that all of the FRCP 23 requirements have been met in order to succeed on a motion for class-action certification.

Finally, the Report embraced Plaintiffs' assertion that the restaurant possessed a common policy of unlawful pay practice without even considering Defendants' counter-evidence that no such policy existed at all. *See* Report, pp. 14, 15, 17, 24. As will be discussed below regarding the commonality and typicality requirements of FRCP 23, Defendants presented admissible evidence through the eight declarations of employees that the restaurant in fact paid its

employees properly and *did not* possess such a common policy or unitary course of conduct of any unlawful pay practice. The Report did not even give lip service to Defendants' declarations that the restaurant paid its employees properly and did not have such a policy. Instead, it blindly accepted Plaintiff's allegations as true and did not evaluate the credibility of both sides' affidavits and declarations, as is required under the class-action certification standard. Such lack of analysis and scrutiny is contrary to law.

By summarily rejecting the eight declarations of employees submitted by the Defendants, in which the declarants stated that they were at all times paid properly and contradicted the Plaintiffs' assertion of a companywide policy of failure to pay overtime and to force off-the-clock work, the Magistrate Judge failed to properly apply the rigorous analysis and preponderance standard required in class action certification motions. As such, her Report should be rejected.

2.    **The Finding that Joinder of the all the Class Members is Impracticable Due to the Employees' Alleged Fear of Retaliation is Based on Pure Speculation and Conjecture**

The Magistrate Judge clearly erred in her speculative finding that the joinder of each putative class-member is impracticable under the numerosity requirement of FRCP 23(a)(1). The Report's reasoning, that "many of the putative class members are current employees of [Defendants] who may fear retaliation if they choose to opt-in to the FLSA collective action" is based on utter speculation and has no basis in fact. *See* Report, p. 10.

In her analysis of the numerosity requirement, the Magistrate Judge determined that she was not required to engage in a strict analysis of the factors articulated by the Second Circuit in *Robidoux v. Celani*, 987 F.2d 931 (2d. Cir. 1993), but rather would use "common sense" assumptions in her assessment of numerosity. *See* Report, pp. 9-10. While the case law does

support the possible use of this "common sense" framework, the Report has replaced "common sense" with conjecture.

The Magistrate Judge accepted Plaintiffs' argument that joinder of the putative class members is impracticable because the "cross-outs" made by Zechariah Williams in his declaration evidenced the fact that the employees of Carmine's[1] may fear retaliation if they choose to opt into the FLSA collective action, thus rendering joinder of all of the putative class members impracticable. *See* Report, pp. 9-10. However, as discussed above, this is pure speculation on the part of the Magistrate Judge, as an equally plausible explanation for the cross-outs on Mr. Williams' declaration is the fact that he was a part-time employee and generally did not work more than 4 days a week or 20-30 hours per week, therefore he would not be entitled to any overtime.

Yet, the Magistrate Judge accepted Plaintiffs' argument regarding the possible fear of retribution (or Mr. Williams not understanding his rights) without considering other possibilities. This is in fact the very opposite of "common sense". It is simply illogical that a current employee who has voluntarily submitted a declaration would fear retribution from his employer, but yet has also allegedly taken a position against the employer by crossing-out portions of his declaration.

Plaintiffs have not shown, by a preponderance of the evidence, that joinder in this case is impracticable. In their Class Motion, the Plaintiffs did not even address the *Robidoux* factors to sustain their burden on numerosity, but rather the Magistrate Judge has used a "common sense" analysis that runs directly contrary to common sense. Thus, the Report is clearly erroneous and

---

[1]The restaurant allegedly operated by Defendants and at which Plaintiffs and putative class members work or worked is known as "Carmine's."

contrary to law, in that it finds that Plaintiffs' have sustained their burden on the numerosity requirement without addressing the *Robidoux* factors and without correctly applying a common sense analysis.

> **3.      The Report's Findings Regarding the Commonality and Typicality Requirements of FRCP 23(a) are Both Clearly Erroneous and Contrary to Law**

The Magistrate Judge's Report is clearly erroneous and contrary to law because Plaintiffs did not establish by a preponderance of the evidence that questions of law or fact are "common to the class" nor that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," as required by FRCP 23.[2]  The Magistrate Judge drew erroneous conclusions that are contrary to law when she: (i) found that a "unitary course of conduct" applied to all class members through an alleged illegal policy, thus only requiring generalized proof to sustain Plaintiffs' claims; (ii) misconstrued Defendants' liability arguments for damages arguments; and (iii) when she recognized, but failed to appropriately consider, Defendants' change in management "in late 2010 or early 2011" that undermines the very "unitary course of conduct" the Report claims is alleged by the Plaintiffs.  *See* Report, p. 3.

In the Report, the Magistrate Judge determined that the Plaintiffs satisfied the commonality (and typicality) requirements because of Defendants' alleged unlawful policy of refusing to pay overtime and requiring Plaintiffs to work off the clock having "had a common impact on all class members."  Report, p. 12.  The Report found that the mere fact that the Plaintiffs' *alleged* a common unlawful policy that purportedly applied to all putative class members was enough to sustain the Plaintiffs' burden on the commonality (and typicality)

---

[2]Defendants will address the "commonality" and typicality" requirements of FRCP 23 together as it is well settled that "the commonality and typicality requirements tend to merge."  *Wal-Mart*, 131 S.Ct. at 2551, n. 5.

requirements of FRCP 23(a). *Id.* at pp. 11-12. In reaching this conclusion, the Magistrate Judge cited to the affidavits submitted by Plaintiffs, which all identically state that the Defendants instituted an alleged policy in 2009-2010 of refusing to pay overtime for hours worked more than 40, and after 2010 of an alleged class-wide policy that the employees were required to perform "off the clock" work that they would not be paid for. *See* Report, pp. 14-15. The Report is correct that proof consisting of employees' declaration is regularly held sufficient to establish commonality and typicality, however "[a]ctual, not presumed, conformance with Rule 23(a) [and (b)] remains…indispensable." *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 160 (1982).

As discussed previously, the Magistrate Judge again erred in her utter failure to consider the declarations of the eight current employees of Carmine's who affirmed that Defendants do not (and did not) maintain a consistent, general, and unlawful policy regarding the payment of wages, but rather pay (and paid) their employees for all hours worked including overtime[3]. Instead of properly considering the declarations submitted by the Defendants as evidence that *no such general unlawful policy existed at all*, the Report erroneously dismisses Defendants' declarations as mere evidence that some of the putative class members may not have been affected by Defendants' alleged unlawful policy, and thus the declarations submitted by Defendants only speak to the issue of damages. *See* Report, pp 12, 14. In essence, the Report found that Plaintiffs have alleged a unitary course of conduct and a generalized inquiry on liability – the Defendants' alleged unlawful pay policies – and therefore commonality and

---

[3]As discussed previously, the Magistrate Judge also speculated that the cross-outs in the declaration of Zachariah Williams "ostensibly" were an indication of his disagreement of the veracity of the statements in the declaration, as opposed to the equally plausible possibility that he did not work more than 40 hours. Report, p. 17. This is another clearly erroneous finding by the Magistrate Judge that she used to support her finding that the Plaintiffs sustained their burden on the typicality requirement.

typically requirements are met, despite the fact that some putative class members were not affected by these alleged policies. The Magistrate Judge is wrong for a number of reasons.

First, the record here confirms that Plaintiffs' alleged common questions cannot generate common answers even for *liability* purposes. *See* Wal-Mart, 131 S.Ct. at 2551 ("'What matters to class certification . . . is not the raising of common 'question' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers*.'") (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rev. 97, 132 (2009) (emphasis in original). It is not that there was an unlawful policy that simply did not damage all of the putative class members, as the Magistrate Judge found. Rather, Defendants have shown through their declarations there was no policy whatsoever (or, at the very least, a dispute as to the existence of such a policy or who it applied to). Therefore, the record clearly indicates that individualized proof *is* necessary to establish liability for each putative class member. Indeed, there are significant dissimilarities among the experiences of the putative class members (as evidenced in Defendants' declarations) to require a person-by-person analysis. The individual question for each class member that would need to be answered is, in essence: Did Defendants apply an unlawful policy regarding overtime or off-the-clock work *to that specific class member*? It is beyond doubt that the answers to this question will produce starkly different answers from each proposed class member. In fact, the eight employees who submitted the declarations attached to Defendants' papers, all of whom are members of the proposed class, attest that Defendants did not subject them to any unlawful wage and hour policy. As such, the resolution of Plaintiffs' suggested class questions will not impact *at least* 13 percent of the proposed class. Such individualized proof defeats the commonality and typicality requirements of FRCP 23(a).

*See, e.g., Freeland v. AT&T Corp.*, 238 F.R.D. 130, 142 (S.D.N.Y. 2006) (denying class certification because, among other reasons, the plaintiff claims required "individualized proof");

The Magistrate Judge failed to specifically address the authority cited by Defendants in their opposition to the Class Motion on this very point. *See id.; Letouzel v. Eastman Kodak Co.*, No. 05-cv-6464T, 2006 WL 1455478, at *3 (W.D.N.Y. May 25, 2006) (denying class certification because "the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members"). In addition, the Report did not distinguish any of the authority cited by Defendants to support the proposition that the consideration of individualized proof is particularly necessary in "off the clock" cases. *See, e.g., Gordon v. Kaleida Health,* 299 F.R.D. 380, 401 (W.D.N.Y. 2014) (denying motion for class certification under Rule 23 for an off-the-clock claim because there was no commonality); *Diaz v. Elect. Boutique of Am., Inc.*, No. 04-CV-0840E(SR), 2005 WL 2654270, at *5 (W.D.N.Y. Oct. 17, 2005) (denying class certification under the FLSA and NYLL where plaintiffs alleged that they worked "off-the-clock" without compensation because, in part, the allegations were too individualized to warrant collective action); *O'Donnell v. Robert Half Int'l, Inc.*, 250 F.R.D. 77, 81 (D. Mass. 2008) (denying class certification of off-the-clock claims because the determination of whether the putative class members were subjected to improper alterations of their time cards would require examining the individual practices of each manager); *Proctor v. Allsups Convenience Stores, Inc.,* 250 F.R.D. 278, 283 (N.D. Tex. 2008) (decertifying a collective action because "[t]he quantity of time and the pattern of incidents Plaintiffs allege they have spent working off the clock also vary.").

Even the alleged class-wide unlawful policies that Plaintiffs purport exist(ed) are not consistent and the alleged class "injuries [do not] derive from a unitary course of conduct,"

Report, p. 11, *quoting Espinoza,* 280 F.R.D. at 124 (*quoting Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y. 2004) (internal quotation marks omitted)).  The Report recognized that Defendants changed management "in late 2010 or early 2011". Report, p. 3.  According to Plaintiffs (and as adopted by the Magistrate Judge), Defendants allegedly altered their policies in 2010, from manipulating Plaintiffs' hours so that they were only paid for a maximum of 40 hours per week, to allegedly mandating that Plaintiffs "arrive early to their shifts and work off-the-clock until the beginning of their scheduled shifts...[and] continue working after they had clocked-out at the end of their shifts." *See* Report, p. 3 (citing affidavits of Plaintiffs).  The Magistrate Judge articulated that "[i]n wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." Report, p. 11 (*quoting Poplawski v. Metroplex on the Atlantic, LLC,* 11 Civ. 3765, 2012 WL 1107711, at *7 (E.D.N.Y. Apr. 2, 2012)).  Yet, the Report adopts Plaintiffs' allegation that there was a distinct *change* in Defendants' policies in late 2010.  This undermines the Report's very conclusion that the putative class members suffered injuries stemming "from a unitary course of conduct."  Indeed, due to Defendants' alleged changing policies, Plaintiffs have not presented "significant proof that [Defendant] acted under a [single] general policy to engage in the allegedly unlawful conduct." *See* Report. P. 13 (quoting *Romero v. H.B. Auto. Grp., Inc.,* 11 Civ. 386 (CM), 2012 WL 1514810, at *19 (S.D.N.Y. May 1, 2012) (quoting *Dukes,* 564 U.S. at 353 (internal quotation marks omitted)).

    At best, Plaintiffs allege that their injuries stem from two separate courses of conduct that occurred during two different time periods — one from 2009 through 2010, and the other from late 2010 or early 2011 to the present.  Thus, the Report is clearly erroneous and contrary to law because the injuries of the proposed class members neither stem from a "unitary course of

conduct" nor a policy that existed throughout the entire proposed class period. The putative class members were not subjected to the same employment practices and policies, but rather, as alleged by Plaintiffs (and adopted by the Court), two different policies, on two different groups of employees, during two different time periods. Accordingly, the Magistrate Judge's conclusions regarding commonality and typicality were contrary to law and clearly erroneous and the Plaintiffs have not sustained their burden to show the commonality and typicality requirements of FRCP 23.

> **4.    The Magistrate Judge's Finding that the Plaintiffs can Adequately Represent the Class, Despite their Individual State Court Lawsuits against the Defendants, is Contrary to Law**

The Magistrate Judge's analysis of the law on FRCP 23(a)(4)'s adequacy requirement is fatally flawed because Plaintiffs' individual state court lawsuits do indeed present a conflict to their ability to adequately represent the class in this matter.

As discussed in Defendants' brief in opposition to the Class Motion (Docket No. 42), there is ample case law that where the potential exists for a favorable settlement in individual actions brought separately by the class representatives against the same defendant(s) that might undermine the loyalty of the plaintiffs to the putative class, the class representatives have a conflict with the putative class and cannot adequately represent the class. *See e.g. Levias v. Pacific Maritime Ass'n.*, No. 08-cv-1610, 2010 WL 358499, at *6 (W.D. Wash. Jan. 25, 2010); *Kurczi v. Eli Lilly & Co.,* 160 F.R.D. 667, 678–79 (N.D. Ohio 1995).

Here, the Plaintiffs all have individual lawsuits against the Defendants that have the potential to undermine their loyalty to the class and create a conflict. In particular, Mr. Pichardo, who has a claim against the Defendants for discrimination and retaliation, claimed in his individual complaint that his "coworkers" discriminated against him. *See* Exhibit 1, attached to the Declaration of Glenn S. Grindlinger in Opposition to Plaintiff's Class Motion, Docket No.

44. Despite the Magistrate Judge's finding that Pichardo's claims are primarily against the "kitchen staff" at Carmine's, he does in fact refer to his "coworkers" as targets of his allegations of discrimination, which has the strong potential to create an inherent conflict between himself and the putative class members.

In addition, in the Report, the Magistrate Judge recited the standard by which a "fundamental" conflict between class representatives and a putative class may arise, but did nothing to actually apply that standard to this case other than stating in a conclusory manner that she was not "satisfied" that the separate lawsuits initiated by the proposed class representatives. *See* Report, p. 19.  The Defendants identified the potential adequacy issues with these class representatives; namely the well held proposition that their individual interests may contradict with the overall interests of the class, and yet the Report merely rejected that argument without providing any reason for doing so.

The Report rejects Defendants' argument on adequacy, claiming that it is mere speculation that Pichardo or the other class representatives will, in the future, abandon the class members for a quick or beneficial settlement in their state court actions.  However, this point is unavailing because *any* argument for a potential future conflict between class representatives and class members must be made prospectively since the conflict has yet to arise.  It is the strong *potential* for this conflict to arise as a result of the individual state court actions brought by the Plaintiffs that raises the issue of adequacy. In fact, all of the cases cited by Defendants in their opposition to the Class Motion *and* cited by the Magistrate Judge in the Report discuss the "potential" for such a conflict to arise.  *See e.g. Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006).  The Report fails to provide any reasons or legal support for its rejection of Defendant's argument on adequacy.

5.    **The Finding that the Class is not Overly Broad and Can be Clearly Ascertained is Contrary to Law**

The Report correctly observes that in addition to FRCP 23's explicit requirements for class certification, there is an "implied requirement" of ascertainability, however the Magistrate Judge incorrectly applied the law on that issue.    Contrary to the Magistrate Judge's determination, *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 824-25 (7th Cir. 2012) is wholly applicable to the instant case and the proposed class here is indeed overly broad because it includes individuals who could not have been harmed nor have valid NYLL claims.

The Report determined that *Messner* drew a distinction between those in the class who *were not harmed* as opposed to those in the class who *could not have been harmed.*    Report, p. 21.  The Magistrate Judge found that here the class was not overbroad because all of the class members fall into the category of those that *could* have been harmed, even if they were not.  The Magistrate Judge's finding is contrary to law.

As discussed above, at least eight putative class members *could not* have in fact been harmed, as they attested that there was no unlawful wage policy that applied to them.  Again, the Magistrate Judge wholly accepted Plaintiffs' representations regarding this alleged policy without regard for the fact that eight employees of Defendants averred that no such policy exists, existed, or applied to them in any way.  *Messner* is directly on point, in that the class is "defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct [and therefore] the class is defined too broadly to permit certification."   *Id.* at 824-825.

The Magistrate Judge's findings were also contrary to law when she found that Defendants had not shown the class is overbroad because "only" eight declarations of employees who were paid properly were submitted, being "insufficient to defeat certification."  Report, p.

22. The Magistrate Judge cited no authority whatsoever that Defendants are required to prove a specific number or percentage of putative class members who could not have been injured at the hands of the Defendants. This finding in fact wrongly shifts the burden of proving class certification by a preponderance of the evidence from the Plaintiffs to the Defendants, whereas the law is clear that the burden lies on the Plaintiffs. Defendants have shown that the class is overbroad and not clearly ascertainable, and thus the Magistrate Judge found contrary to law.

### 6. The Plaintiffs' Did Not Sustain Their Burden to Show That Their Claims Contain Common Questions that Predominate Over Questions Affecting Only Individual Class Members

It is well settled that the predominance requirement of FRCP 23(b) is "a more demanding criterion than the commonality inquiry under Rule 23(a)." *Lizondro-Garcia v. Kefi, LLC*, 300 F.R.D. 169, 176-77 (S.D.N.Y. 2014). Rule 23(b)(3) specifically requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members."

For the same reasons that the Report erred and was contrary to law in its findings regarding the commonality and typicality requirements of FRCP 23, it is wrong on the predominance element which is judged under the more demanding criterion. As discussed more fully in those sections, *supra*, the questions Plaintiffs' raise here do not predominate over the individual inquiries of each putative class member - the liability questions in this case are not generalized but rather may be answered differently by each putative class member. Indeed, Plaintiffs did not put forward any evidence to suggest that if Defendants failed to properly pay one person that means that they failed to properly pay every class member. In fact, the evidence before the Magistrate Judge demonstrates that even if there is liability with respect to one class member it does not show that there is liability with respect to any other class member. Therefore, the assessment of liability in this case can only be accomplished by asking each

employee to explain how much they worked each week.  This is the essence of individualized inquiry and mini-trials in order to determine liability.   On this point, the Report fails to distinguish, or even address, the multitude of case authority cited by the Defendants in their opposition to the Class Motion that illustrates that overtime and off the clock claims require the court to examine the situation of each putative class member on a case-by-case basis.  Thus, the Plaintiffs cannot (and have not) sustained their burden to show predominance, and the Magistrate Judge erred in her contrary finding.  As such, the Court should reject the Magistrate Judge's Report.

## IV.    CONCLUSION

For all of the foregoing reasons, the Report should be vacated and Plaintiffs' Motion for Class Certification pursuant to FRCP 23 should be denied in its entirety.


Dated:      New York, New York              FOX ROTHSCHILD LLP
            July 11, 2016

                                                        /s/
                                          By:  _____
                                               Carolyn D. Richmond, Esq.
                                               Glenn S. Grindlinger, Esq.
                                               Zev Singer, Esq.
                                               100 Park Avenue
                                               New York, New York 10017
                                               (212) 878-7900

                                               *Attorneys for Defendants*

4103106518