## SETTLEMENT AGREEMENT AND RELEASE

This **SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is made and entered into as of this 13th day of February 2018 ("Effective Date"), by and between Raul Pichardo, his descendants, dependents, heirs, executors, administrators, agents, assigns, and successors (collectively, "Plaintiff"), and Carmine's Broadway Feast Inc. ("Company"), on its own behalf, on behalf of its present and former directors, officers, partners, members, owners, employees, representatives, agents, attorneys, and insurers, and on behalf of all of their parents, subsidiaries, affiliates, successors, related entities, and assigns, including, but not limited to: Little Fish Corp.; Carmine's Atlantic City, LLC; JB Restaurant Services, LLC; Manhattan Specialties, LLC; Alicart Group, LLC; Alicart Nassau, LLC; Alicart Inc.; Carmine's Washington D.C., LLC; Carmine's Vegas, LLC; Carmine's D.C., LLC; Carmine's Las Vegas LLC; Virgil's Mohegan Sun LLC; and Times Square Barbecue, Inc. (collectively with Company the "Released Parties"), (and the Company, collectively with Plaintiff, the "Parties").

**WHEREAS**, Plaintiff is a former employee of the Company; and

**WHEREAS**, certain disputes have arisen between Plaintiff and the Company regarding allegations by Plaintiff that, *inter alia*, he was not paid all monies and wages due to him; and

**WHEREAS**, On November 2, 2017 Plaintiff filed a Second Amended Complaint in the United States District Court for the Southern District of New York, captioned *Pichardo v. Carmine's Broadway Feast, Inc.*, No. 15-cv-3312 (hereinafter the "Action"); and

**WHEREAS**, the Company has denied and continues to deny liability with respect to any allegations brought by Plaintiffs; and

**WHEREAS**, the Company and Plaintiffs have agreed to compromise and settle all disputes and claims between them and desire to formalize the terms of their resolution in this Agreement;

**NOW, THEREFORE**, Plaintiffs and the Company, in consideration of the mutual covenants and commitments set forth herein, agree as follows:

1. **Release by Plaintiff.** Plaintiff hereby releases and discharges the Released Parties from, and with respect to, any and all actions, causes of action, suits, liabilities, claims, charges and demands whatsoever, to the maximum extent permitted by law, which have accrued at any time from the beginning of time through the date of Plaintiffs' execution of this Agreement, but only insofar as they relate to any Wage and Hour Claims (as defined below), any claims regarding the amount of his pay or the manner in which he was paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to his pay or the manner in which he was compensated at any time prior to the Effective Date.

For purposes of this agreement, "Wage and Hour Claims" shall mean: (i) all claims and causes of actions contained in the Action; (ii) all claims for any wage and hour violations that

53447054

may have occurred arising from or relating to Plaintiff's employment or engagement with Company or Released Parties under the Fair Labor Standards Act, including but not limited to all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (iii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Company or Released Parties under New York State and/or local law, including but not limited to any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

2. **Consideration.** In consideration of the promises of Plaintiff set forth herein and without any other obligation to do so, the Company will pay Plaintiff the total gross amount of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) (the "Settlement Payment"). The Settlement Payment shall be disbursed as follows:

> (i) one check payable to Raul Pichardo in the gross amount of SEVEN THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS AND THIRTY FOUR CENTS ($7,333.34), less applicable payroll taxes and withholdings, which represents lost front and back pay allegedly due Plaintiff, and for which an IRS Form W-2 will be issued for this amount;
>
> (ii) one check payable to Raul Pichardo in the gross amount of EIGHT THOUSAND EIGHT HUNDRED SIXTEEN DOLLARS AND THIRTY THREE CENTS ($8,816.33), which represents alleged damages for liquidated damages and all other non-wages alleged damages, and for which an IRS Form 1099 will be issued for this amount;
>
> (iii) one check payable to Plaintiff's counsel, Levine & Blit, PLLC in the gross amount of EIGHT THOUSAND EIGHT HUNDRED FIFTY DOLLARS AND THIRTY THREE CENTS ($8,850.33), for attorney's fees, costs, and expenses, and for which an IRS Form 1099 will be issued for this amount.

The Company shall deliver all of the checks listed above to counsel for Plaintiff within thirty (30) days of the following events (whichever is latest): (i) the Company's counsel's receipt of a completed IRS Form W-4 by Plaintiff; (ii) the Company's counsel's receipt of a completed IRS Form W-9 by Plaintiff and his counsel; (iii) the Company's counsel's receipt of a fully executed copy of this Agreement provided to the Company by Plaintiff or his counsel; and (iv)

2

53447054

the Company's counsel's receipt of confirmation of the Court's dismissal of or approval of the discontinuance of the Action, with prejudice. Should the Court decline to dismiss the Action with prejudice or approve such discontinuance, the Parties shall return to their respective positions as if no agreement had been reached.

(c) Plaintiff understands and agrees that he is solely responsible for any and all tax obligations which may result from the Settlement Payment, and Plaintiff is not relying on any representations made by the Company or its counsel regarding the tax implications of the Settlement Payment. Plaintiff further agrees to indemnify and hold harmless the Company with regard to any tax or other liability, obligation, action, cause of action, claim or demand, penalties, interest, and costs, relating to any determination by a tax authority that the Company should have withheld taxes on the Settlement Payment.

(d) Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, business expenses, or other benefits, damages, attorneys' fees or costs from the Company, except as specifically provided in this Agreement, and that he will not bring any action contrary to this understanding. Notwithstanding the foregoing, or anything else in this Agreement, Plaintiff does not release any claim(s) that he has specifically pled or were specifically pled on his behalf as of September 25, 2017 in the action styled *Pichardo v. Carmines Broadway Feast, Inc.*, Index Number 160117/2015, filed in the Supreme Court of the State of New York, County of New York.

3. **Discontinuance of Action and No Other Claims Pending.** Upon execution of the within Agreement, Plaintiff covenants and agrees to make all reasonable efforts to discontinue the above-described Action against the defendant, with prejudice, through the execution and submission of the stipulation attached hereto as Exhibit "A". Plaintiff hereby represents that other than the Action, and the action styled *Pichardo v. Carmines Broadway Feast, Inc.* Index No. 160117/2015, filed in New York Supreme Court, County of New York, there is no other pending action filed any court of law against the Company in connection with Plaintiff's employment or prospective employment with the Company, and that there is no other pending charge or complaint filed with any state, federal, or local agency, including but not limited to the Equal Employment Opportunity Commission, New York State Division of Human Rights, or New York Commission on Human Rights. In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on Plaintiff's behalf against the Company, then Plaintiff shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.

4. **No Admission.** Plaintiff and the Company expressly agree that neither this Agreement, its execution, the performance of any of its terms, nor any of its contents will constitute, be construed as, or be offered as evidence of an admission of any fact or of any wrongdoing or liability by or on the part of the Company, and the Company expressly denies any wrongdoing or liability on its part.

Furthermore, the Parties agree that Plaintiff shall not be considered a prevailing party or a successful party.

5. **No Reliance.** Plaintiff acknowledges that, by signing this Agreement, he has not relied upon any representations, promises or agreements made by the Company or its employees, officers, directors or representatives (including any Company attorneys) that are not contained in this Agreement.

6. **Entire Agreement.** This Agreement contains the entire agreement and understanding of Plaintiffs and the Company concerning the subject matter hereof and supersedes and replaces all prior negotiations and proposed agreements. This Agreement may not be modified or amended except by an instrument in writing signed by the Parties hereto. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties hereto. Notwithstanding foregoing, the Parties agree that all of the terms of contained in the Settlement Agreement and General Release executed by Plaintiff on October 10, 2017 in relation to the matter *Pichardo et al v. Carmines Broadway Feast, Inc.*, et al, Index Number 25433/2015E (Supreme Court of the State of New York, County of Bronx), shall remain in full force and effect.

7. **Choice of Law.** This Agreement will be governed by, and construed pursuant to, the laws of the State of New York without regard to its conflict of laws principles. Any dispute under this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York, and the Parties consent to such jurisdiction, agree that venue only in the County of New York, State of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

8. **Liens.** Plaintiff represents that he has not received Medicare benefits for the treatment of bodily injury or emotional distress in connection with his employment with, or separation of employment from Company. Plaintiff and his attorney are not aware of any liens and/or pending legal claims applicable to the Settlement Payment. Plaintiff agrees to defend, indemnify and hold harmless the Company and its insurers against any lien, claim or action asserted against the Settlement Payment. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against the Plaintiff or Company as against the Settlement Payment.

9. **Headings/Counterparts.** The headings of the sections herein are included for reference only and are not intended to affect the interpretation of the Agreement. This Agreement may be executed by each party in separate counterparts and by facsimile or PDF signatures, and each such duly executed counterpart shall be of the same validity, force and effect as the original.

10. **Drafter of this Agreement.** In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the

4

same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

11. **Severability.** With the exception of Section 1 above, if any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable. In the event that Section 1 is held unenforceable by a court of competent jurisdiction, the Company's obligations under Section 2 shall be null and void, and Plaintiff shall be liable for the return of the Settlement Payment in full.

12. **Representations of the Parties.** Plaintiff and the Company each represent and warrant that:

(a) He or it has the power and is duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein, and the persons executing this Agreement are authorized agents for purposes of executing this agreement;

(b) The execution of this Agreement does not put any party hereto in violation of any agreement to which she or it is a party; and

(c) This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

13. **Representations of Plaintiff.** Plaintiff represents and warrants that:

(a) No person or entity other than Plaintiff has or had any interest in the matters released herein, and Plaintiff has the sole right, capacity, and exclusive authority to execute this Agreement; and

(b) Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action released herein.

14. **Acknowledgments.** Plaintiff acknowledges that he:

(a) has carefully read this Agreement;

(b) has had a reasonable period of time in which to review and consider this Agreement;

(c) has discussed this Agreement with his attorney;

(d) understands all of the terms of this Agreement;

(e) has not relied upon any representation or statement, written or oral, not set forth in this Agreement; and

53447054

(f) has knowingly and voluntarily executed this Agreement.

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and General Release on the dates shown below.

_____ Date: February 13, 2018
**RAUL PICHARDO**

By: _____ Date: February 15, 2018
**CARMINE'S BROADWAY FEAST INC.**